·CHAPMAN *vs.* MUNSON.

A vice chancellor is authorized to tax the costs in a suit or proceeding before
any other vice chancellor.

Questions as to the regularity of the proceedings to get the costs taxed should
be brought before the vice chancellor in whose circuit the suit is pending,
and not before the chancellor.

The rule of the court allowing an application to the chancellor for a retaxa-
tion of costs in a suit pending before a vice chancellor, applies only to those
cases where the amount of the taxable costs is in controversy ; and not to a
motion for a retaxation, upon the ground of irregularity in the proceedings
of the adverse party.

In a proceeding by petition for an attachment, against a person who is not a
party to the suit, the solicitor for such person is entitled to a retaining fee,
if the petition is dismissed with costs. But a retaining fee cannot be taxed
in his favor, against the adverse party, upon a mere collateral proceeding
on such petition ; as upon a reference for scandal or impertinence.

Where a party is entitled to an order of course, he cannot charge the adverse
party with the extra expense of a special application to the court for such
order.

Upon an order for the payment of costs, prospective costs can only be taxed
for a copy of the order and of the taxed bill, to be served on the adverse
party with the demand of payment.

If costs are not paid within the time limited by the order, the party entitled to
the costs may make an ex parte application for an order to commit the
delinquent to prison ; and all the costs subsequent to the demand can then
be allowed, and will be inserted in the mittimus.

THIS was an application for the retaxation of a bill of costs, **May 28.**
taxed by the vice chancellor of the seventh circuit. Chap-
man presented a petition to the vice chancellor of the fifth cir-
cuit, for an attachment against E. Munson for an alleged dis-
obedience to a subpœna duces tecum in a suit pending be-
fore the last mentioned vice chancellor. On an affidavit that
the petition was scandalous, the court made an order referring
it to a master to inquire and report thereon. The master hav-
ing reported the petition scandalous and impertinent, an order
was made by consent that the improper matter be expunged,
and that the costs of the reference be paid by the petitioner.
The solicitor for E. Munson charged a retaining fee of $5,
which was allowed by the taxing officer, together with other
items objected to as improper.

Chapman, the petitioner, applied to the chancellor for a re-taxation ; and, among other things, he insisted that the costs should have been taxed by the vice chancellor or taxing mas-ter of the circuit within which the suit was pending ; and al-so that it was irregular to give notice of the taxation before the party against whom the order for the payment of costs was obtained had been served with a copy of such order.

*T. Jenkins,* for the petitioner.

*N. P. Randall,* for E. Munson.

THE CHANCELLOR. The costs were properly taxed by Judge Mosely, although the proceedings were pending in the fifth circuit. The right of the vice chancellors to tax costs is given to them by statute, without restriction ; and the rules of the court are in conformity with this statutory provision. Any vice chancellor may tax costs, whether the proceedings in the suit in which the costs accrued are before the chancel-lor or any of the vice chancellors.

The question as to the regularity of the notice of taxation cannot be settled by the chancellor. This was a question with which the taxing officer had nothing to do. The only question for him to determine was as to the amount of costs to which E. Munson was entitled under the order of the court. The right to make an application directly to the chancellor to review the vice chancellor's decision, in that respect, was giv-en, by the rule, because it was deemed inexpedient to require one vice chancellor to correct the supposed error of another. But this reason does not apply to a motion for a retaxation on the ground that the proceedings of the adverse party have been irregular. In such cases, the application for a retaxa-tion, or to set aside the proceedings for irregularity, must be made to the vice chancellor before whom the suit or proceed-ding is pending, in the same manner as if the costs had been taxed by one of the taxing masters.

The vice chancellor erred in this case in allowing a retain-ing fee on this interlocutory proceeding. As E. Munson was not a party to the original suit, and the application for an at-tachment against her was a new and distinct proceeding, it

was probably a case in which a retaining fee for the solicitor might be allowed, after a final decision upon the application against her, if she obtained an order to dismiss the petition with costs. But the solicitor was not retained for the special purpose of getting this petition referred for scandal. That was a mere collateral proceeding, growing out of his general retainer to oppose the application for an attachment; and the retaining fee formed no part of the taxable costs of the reference.

The fee bill contains no allowance for a brief on a reference of this description. That item should not, therefore, have been allowed. The parties appear to have proceeded before the master, on the reference, by the service of a notice of hearing, instead of the ordinary mode by summons. As this course must have been acquiesced in by the petitioner, and the costs were in fact less than they would have been in the ordinary mode, I see no reasonable objection to the allowance of the notice and affidavit of service. It was a matter of course, under the 57th rule, to have an order to expunge the impertinent matter, and that the adverse party pay the costs. And as the solicitor thought proper to ask the court for a special order to that effect, instead of waiting till the order to confirm the report became absolute and then entering a common order, as he was authorized to do by the rule, the petitioner ought not to be charged with the additional expense of a brief and counsel fee. Those two items must therefore be disallowed. No prospective costs were properly taxable here, except for the copy of the order and of the taxed bill, to be served on the petitioner with the demand of costs. But upon an order for the payment of costs, if the costs are not paid within the time fixed by the order, the party who is entitled to such costs may immediately make an ex parte application to the court to commit the delinquent to prison; and all the costs subsequent to the demand will then be allowed, and may be inserted in the mittimus.

I see no grounds for objecting to any other items of this bill to which exceptions are taken by the solicitor. There must be deducted from the bill as taxed, $14,88, including the charges for prospective costs; and the balance, $16,96,

must be paid to the solicitor of E. Munson, within twenty days after service of a copy of the order to be entered herein; or she may apply to the vice chancellor, before whom the proceedings are pending, for an ex parte order to commit the delinquent to prison. The petitioner having succeeded only as to a part of the items excepted to, neither party is to have costs on this application.